DELGADO, INTERVENOR AND APPELLANT, *v.* CRUZ ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Humacao in a Proceeding to Enjoin the Partition of an Inheritance.

No. 2041.—Decided November 21, 1919.

PARTITION OF INHERITANCE—CREDITOR.—In order that a person may have a right to oppose the partition of an inheritance it is necessary, according to section 1049 of the Civil Code, that such person be a recognized creditor of the estate.

APPEAL—INJUNCTION—DISCRETION OF COURT—ABUSE OF DISCRETION.—The granting of an injunction is not *ex debito justitiae* but rests in the sound discretion of the court; therefore the ruling of a trial court granting or refusing to grant an injunction will not be disturbed on appeal unless it is shown that the court abused its discretion.

The facts are stated in the opinion.

*Mr. A. Dones* for the appellant.

*Messrs. Francisco González* and *José de Guzmán Benítez* for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Enrique Delgado intervened in a certain suit which was being prosecuted in the District Court of Humacao and later filed a petition for an injunction which was finally denied. This is an appeal from the ruling denying the injunction.

The complaint in intervention is directed against Eladia Cruz, widow of Jiménez, against Joaquín Jiménez Cruz and against the Succession of Manuel Jiménez Cruz, and its prayer is that the court set aside a proceeding in which a dominion title to two properties was declared in favor of defendant Eladia Cruz, and adjudge null and void several deeds of lease, segregation, sale, mortgage and rescission involving the said two properties. Judgment was also prayed for against the Succession of Manuel Jiménez Cruz and in favor of the conjugal partnership composed of the plaintiff and his wife, Gertrudis Jiménez Cruz, for the sum of $8,102.77.

In the complaint in intervention it is alleged that the properties referred to are not the separate property of defendant Eladia Cruz, but belong to the conjugal partnership composed of the said Eladia and her husband, Manuel Jiménez Sicardó, who died in 1887. The wife of the intervenor is the daughter of Manuel and Eladia. It is further alleged in the complaint that after Manuel Jiménez Sicardó died his son, Dr. Jiménez Cruz, took over the management of the properties without delivering to the wife of the plaintiff her share of the profits, and it is that share, amounting to $8,102.77, that is now claimed from his succession.

After his complaint had been filed the intervenor presented a petition for an injunction, alleging that the Succession of Dr. Jiménez Cruz, one of the defendants, had brought the necessary proceedings for the partition of his estate and that if the said partition should be made and each heir receive his share, the petitioner would be compelled to bring several separate actions to recover from each of them on the obligations contracted by their ancestor. And he

further alleges therein that the petitioner has no other adequate and expedient remedy in the ordinary course of law for securing his rights.

Is this a proper case for issuing a writ of injunction? Has the plaintiff-intervenor any clear right to enjoin the partition proceedings? Let us see.

Many years before the Injunction Act was approved a creditor had the right to enjoin the partition of an inheritance until the amount of his credit was paid or secured. Article 1082 of the old Civil Code, similar to section 1049 of the revised Civil Code, provides that "Creditors, recognized as such, may oppose the division of the inheritance until they are paid or the amount of their credits is secured."

"The heirs have, of course, authority to partition the estate; but there should be included in the partition only the properties and rights which remain after the fulfilment of the obligations or the payment of the debts of the estate; * * * It has always been said that the debts should be paid first, and this may be said to be the foundation of article 1082 in general, or the principal ground for the right conferred upon the creditors." 7 Manresa, Spanish Civil Code, 3rd ed., p. 756.

Now, the statute does not refer to "creditors" generally, but is limited to "creditors recognized as such." Manresa considers this limitation and concludes: "Creditors whose claims the heirs are unwilling to recognize, or who cannot produce a written instrument to establish their claims, can not, therefore, exercise the right conferred by article 1082." 7 Manresa, Spanish Civil Code, 3rd ed., p. 755. And this is exactly the situation of the plaintiff-intervenor. He may have the right that he asserts; it may be that his claim is just, but the debt which he claims does not appear to have been recognized and depends, in the first place, on a decision favorable to him regarding the annulment of the dominion title proceedings and of the public instruments, as prayed for, and, in the second place, on such evidence as he may be able to produce in order to show that the ancestor of the

defendant succession received and did not deliver the profits as alleged in the complaint.

Not being, therefore, in the position required by section 1049 of the Civil Code on which he relies, the appellant, under the authority of that statute, had no right to enjoin the said partition proceedings.

Let us see whether the provisions of the Injunction Act favor him. The appellant specifically bases his petition on subdivision six of section 3 of the Act of March 8, 1906 (Acts 1906, p. 86; Compilation of 1911, sec. 1356), which provides that an injunction may be granted ''where the restraint is necessary to prevent a multiplicity of judicial proceedings.''

The plaintiff-intervenor has directed his complaint against the Succession of Dr. Jiménez Cruz, among others. After all the members of that succession are duly summoned, the court will acquire jurisdiction over all of them and all the questions raised will be decided in this suit. Besides, in accordance with the Act to Secure the Effectiveness of Judgment, the plaintiff-intervenor has within his reach the manner of securing such judgment as may be entered in this suit by attaching properties still not individually awarded to the heirs and which, though afterwards so awarded, would continue to be affected by the said attachment.

Under the circumstances which we have related we do not see that the district court abused its discretional power, and it is known that the granting of an injunction is not *ex debito justitiæ,* but rests in the sound discretion of the court, for which reason its ruling will not be disturbed on appeal unless it is shown that the court abused its discretion. *Escobar* v. *Gámbaro et al.,* 22 P. R. R. 528, and cases there cited.

The appeal must be dismissed and the order

*Affirmed.*

Chief Justice Hernández and Justice Aldrey concurred.

Justices Wolf and Hutchison took no part in the decision of this case.